UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PERCY CAGE (#131655)                                                CIVIL ACTION

VERSUS

LOUISIANA STATE PENITENTIARY,                         NO. 23-01462-BAJ-RLB
ET AL.

ORDER

On October 5, 2023, Plaintiff, an incarcerated person then confined at the Louisiana State Penitentiary, filed a *pro se* Complaint (Doc. 1), and later an Amended Complaint, alleging a violation of his constitutional rights. (Doc. 3). Plaintiff submitted a Motion To Proceed *In Forma Pauperis* (Doc. 4), which the Court granted on April 16, 2024. (Doc. 5). In this Order, the Court directed Plaintiff to pay the initial partial filing fee within twenty-one days or risk dismissal of his suit. (*Id.*). On June 11, 2024, the Court ordered Plaintiff to show good cause as to why the above-captioned matter should not be dismissed for failure to pay the initial partial filing fee. (Doc. 6). The Court additionally ordered Plaintiff to provide copies of certain inmate account statements. (*Id.*). Plaintiff ultimately did not file a timely response, nor did he furnish the required inmate account statements. Though filed late, Plaintiff provided a 21-page Response broadly alleging poor incarceration conditions. (Doc. 7). Liberally construed, Plaintiff's primary justification for not paying the initial partial filing fee is that Saundra Rosso, the mother of Defendant William Russo, has led a conspiratorial effort to prevent incarcerated individuals from filing suit against

her son and other corrections officials by embezzling commissary funds. (*Id.* at 18–19).

The record reflects that, to date, Plaintiff has failed to pay the initial partial filing fee. Having not provided the Court-ordered copies of Plaintiff's inmate account statements, Plaintiff has not demonstrated good cause for failure to pay the initial partial filing fee.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss a claim for failure of prosecution on its own motion, with or without notice to the parties. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). This inherent power derives from the Court's necessarily vested control to "manage [its] own docket and achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). As a practical matter, the case cannot proceed without Plaintiff's continued participation, particularly at the foundational stage of addressing the Court's filing fee.

Accordingly,

**IT IS ORDERED** that the Plaintiff's claims be and are hereby **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute the case.

**IT IS FURTHER ORDERED** that, should Plaintiff provide the Court with good cause for the above within thirty (30) days, the Court may consider reinstatement of Plaintiff's claims.

Judgment shall be entered separately.

Baton Rouge, Louisiana, this 19th day of February, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**