UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PERCY CAGE (#131655)                                          CIVIL ACTION

VERSUS

LOUISIANA STATE                                               NO. 23-01462-BAJ-RLB
PENITENTIARY, ET AL.

### RULING AND ORDER

Before the Court is correspondence from Plaintiff, who is proceeding *pro se*, which the Court construes as a **Motion For Relief From Judgment Under Federal Rule of Civil Procedure ("Rule") 60(b) (Doc. 11, the "Motion")**. For the following reasons, Plaintiff's Motion will be **DENIED**.

Plaintiff's Complaint (Doc. 1) and his Amended Complaint alleged a violation of his constitutional rights. (Doc. 3). Though the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 5), Plaintiff failed to pay the initial partial filing fee, citing an alleged conspiratorial effort orchestrated by Defendant William Russo's ("Defendant Russo") mother, to prevent incarcerated individuals from filing suit against her son and other corrections officials by embezzling commissary funds. (*See* Doc. 7 at 18–19). The Court ultimately dismissed this action pursuant to Rule 41(b) due to Plaintiff's failure to pay the initial partial filing fee. (Doc. 8).

Liberally interpreted, Plaintiff now seeks reconsideration of the Court's dismissal of his case. (*See* Doc. 11). In his Motion, filed on March 12, 2025, Plaintiff largely reiterates his prior arguments made in response to the Court's Order directing

him to show cause as to why this action should not be dismissed. (*See id*; Doc. 8).

> A motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed … If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Tex. A&M Rsch. Found. v. Manga Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)).

Here, the entry of the judgment occurred on February 20, 2025. (*See* Doc. 9). Because Plaintiff filed his motion to re-open the case on March 12, 2025—20 days after the entry of judgment—his Motion is eligible for consideration under Rule 59(e). (*See* Doc. 11).

The United States Court of Appeals for the Fifth Circuit has explained Rule 59(e)'s purpose and proper application as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).

Although Plaintiff filed his Motion in the timeframe within which it may be considered under Rule 59(e), his Motion does not invoke Rule 59(e)'s purpose and proper application. Plaintiff does not call into question the correctness of the judgment, nor does he seek to correct a manifest error of law or fact or present newly

2

discovered evidence. (*See* Doc. 11). Instead, Plaintiff asks the Court to re-open the case due to the alleged worsening conditions of his incarceration and a previously alleged conspiracy to prevent him from paying the initial filing fee. (*See id.*). The Court therefore construes Plaintiff's Motion as a motion for relief from a final judgment, order, or proceeding under Rule 60(b).

Rule 60(b) provides that relief from a final judgment, order, or proceeding may be had for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned; or (6) any other reason that justifies such relief. Rule 60(b).

Plaintiff has not provided any factual assertions to support the applicability of any of the first five subsections of Rule 60(b). In fact, Plaintiff's Motion does not articulate any facts beyond a description of poor incarceration conditions and a more detailed description of the previously articulated alleged conspiracy to prevent him from moving forward with this action. (*See* Doc. 11). Although Plaintiff's description of the conspiracy alleges misconduct on the part of Defendant Russo and other prison officials, (*See id.*), Plaintiff still has not furnished inmate account statements, as required by the Court, (Doc. 6), to demonstrate that Plaintiff is unable to pay the Court's initial partial filing fee.[1]

---

[1] Plaintiff alleges that prison officials have been intercepting his mail and thereby appears

3

Further, Plaintiff is not entitled to relief under Rule 60(b)(6), which allows the Court to vacate a final judgment, order, or proceeding for "any other reason that justifies relief." Rule 60(b)(6). Rule 60(b)(6) "is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions. Rule 60(b)(6) motions will be granted only if extraordinary circumstances are present." *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

Here, Plaintiff does not demonstrate "extraordinary circumstances" that would merit application of Rule 60(b). Instead, Plaintiff reiterates the arguments which led to the Court's dismissal of this action in the first place. Nonetheless, the Court emphasizes that, although the Court here denies Plaintiff relief under Rule 60(b), because Plaintiff's action was dismissed without prejudice, this decision does not preclude him from filing a new action based on the same set of facts. As in this case, Plaintiff must comply with the Court's orders, including paying any filing fee as required and providing documentation in support of any application for relief from making such a payment.

For these reasons, the Court **DENIES** Plaintiff's request to reinstate this action.

---

to imply that they have confiscated inmate account statements that he specifies he has attempted to mail to the Court. (*See* Doc. 11 at 1). Plaintiff reiterated these allegations in a Letter to the Court received on September 23, 2025. (*See* Doc. 12). Considering that the Court has received Plaintiff's filings but not the required supporting documentation, the Court finds this allegation improbable.

4

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion (Doc. 11)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 4th day of December, 2025

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**